```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         SOUTH BEND DIVISION
```

JOSHUA M. WRIGHT,              )
                               )
            Plaintiff,         )
                               )    CAUSE NO. 3:17-CV-523 PPS
      vs.                      )
                               )
INDIANA STATE PRISON,          )
                               )
            Defendant.         )

## OPINION AND ORDER

Joshua M. Wright, a *pro se* prisoner, filed a complaint against the Indiana State Prison. ECF 1. Pursuant to 28 U.S.C. § 1915A, I must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603 (internal quotation marks omitted). Furthermore, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal

quotation marks omitted). To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Joshua Wright is an inmate at the Indiana State Prison ("ISP"). He alleges that he was housed there in inadequate conditions from the evening of May 20, 2017, through the morning of May 24, 2017. During this time, he was not permitted to shower, leave his cell for recreation or use the telephone. Inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). But "the Constitution does not mandate comfortable prisons...." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of Constitutional violations. *Adams v. Pate*, 445 F.2d 105, 108-09 (7th Cir. 1971). Rather, conditions of confinement must be severe to support an Eighth Amendment claim. *Morissette v. Peters*, 45 F.3d 1119, 1123 (7th Cir. 1995). "[T]he prison officials' act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). Wright complains that he was unable to take a daily shower during this short period of time. However, being denied the opportunity to shower for three-and-a-half days does not violate the Constitution. *Jaros v. Ill. Dep't of Corrs.*, 684 F.3d 667, 671 (7th Cir. 2012) ("limiting inmates to weekly showers does not violate the Eighth Amendment"). He also complains that he was not allowed to leave his cell for

recreation. Though a total lack of exercise would state a claim where "movement is denied and muscles are allowed to atrophy," *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985), the mere denial of "desirable, entertaining diversions . . . [does] not raise a constitutional issue," *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988). Being denied recreation time for three-and-a-half days is not so extensive or long lasting to constitute an Eighth Amendment violation. Finally, he complains that he was not allowed to use the telephone. He believes that not being allowed to use the telephone for that short period of time infringed on his First Amendment right to speak, but it did not. Although prisoners may have a right under the First Amendment to communicate with others outside of the prison, they do not have an unqualified right to do so. *Boriboune v. Litscher*, 91 F. App'x 498, 499 (7th Cir. 2003); *see also Arsberry v. Illinois*, 244 F.3d 558, 564-65 (7th Cir. 2001). Ultimately, though the conditions Wright describes were unpleasant, he has not alleged facts demonstrating that he was denied the "minimal civilized measure of life's necessities." Indeed, they do not exceed what one would expect from prison life generally. *See Thomas v. Ramos*, 130 F.3d 754, 762 (7th Cir. 1997) (noting that inmates are typically faced with restrictive conditions for short periods of time).

As a final matter, even if Wright would have alleged that he suffered a constitutional violation, which he has not, he has also not named any responsible defendant. Though ISP is where these events occurred, it is a building, not a person or even a policy making unit of government that can be sued pursuant to 42 U.S.C. § 1983. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011).

As explained, this complaint does not state a constitutional claim against any

defendant, and it does not appear as though Wright could do so. Nevertheless, Wright may file an amended complaint if he believes that he can allege facts which do state a claim. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he decides to file an amended complaint, he should get a blank copy of this court's complaint form from the law library and write the cause number for this case in the caption on the first page.

Accordingly,

(1) Joshua M. Wright is **GRANTED** to and including November 27, 2017, to file an amended complaint; and

(2) Joshua M. Wright is **CAUTIONED** that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

ENTERED: October 26, 2017

/s/ Philip P. Simon
Judge
United States District Court